United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40138
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ADRIAN MARTINEZ-RAZO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-418-1
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Adrian Martinez-Razo appeals his guilty-plea conviction and sentence for violating 8 U.S.C. §§ 1326(a) and (b)(2) by entering the United States, without permission, following both his conviction for an aggravated felony and subsequent deportation.

For the first time on appeal, Martinez-Razo argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. He asks us to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing.

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. <u>Id.</u> at 239-47. Martinez-Razo acknowledges that his argument is foreclosed by <u>Almendarez-Torres</u>, but asserts that the decision has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.